HARRIS, Judge.
In 1988, Allstate Indemnity Company (Allstate) issued a multiple-vehicle insurance policy to Edna Bernier in Sarasota County. In 1989, Ms. Bernier contacted Allstate through her agent in Sarasota County and requested that a 1984 Omni be removed from the policy. The Omni was removed from the policy effective March 10, 1989. On March 17, 1989, Janet Bernier, a relative of Edna, was driving the Omni in Brevard County and collided with a vehicle being driven by Christopher Yaw. As a result of this accident, both Berniers and the Yaws’ UM carrier were sued in Brevard County. Ms. Bernier asked Allstate to defend the action. Allstate filed a declaratory judgment action in Bre-vard County seeking a determination that because Ms. Bernier had removed the Omni from the policy, it had no obligation to either indemnify Ms. Bernier or to defend the action. On motion by Ms. Bernier, the Bre-vard County Circuit Court granted a change of venue to Sarasota County. Allstate appeals; we affirm.
Although Allstate acknowledges that an action on this contract would normally be in the county where the contract was issued or where the defendant resided (there being no allegation of a current breach), it urges that since this action was for a declaratory judgment a different rule applies. Allstate’s position is that since an action for declaratory *1299 relief does not constitute a separate cause of action for venue purposes, we must look to the underlying relief sought by the declaratory action in order to determine the proper venue. See Royal Jones & Assoc., Inc. v. Cigna Ins. Co., 575 So.2d 309 (Fla. 2d DCA 1991). Allstate urges that the underlying cause of action in this case is the personal injury litigation in Brevard County. We disagree. Allstate is not a party to that action nor is that action directly involved in the declaratory judgment suit. The relief Allstate seeks is a determination that its policy insures no accident involving the Omni after March 10, 1989. While the reason for and the timing of its action is related to the Brevard County accident, the underlying relief sought is merely an interpretation of its policy in light of the modification ordered by Ms. Bernier. Proper venue is in Sarasota County.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.